UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIWANN TYER,

    *Plaintiff*,

v.

DOORDASH, INC.,

    *Defendant*.

Civil Action No. 25-2001 (TJK)

## MEMORANDUM

Diwann Tyer sued DoorDash, Inc. after getting into a car accident with one of its drivers, alleging that DoorDash was negligent in failing to ensure that the driver had car insurance. DoorDash moves to dismiss, arguing, among other things, that the complaint fails to allege any causal connection between the driver's lack of insurance and the accident. The Court agrees, so it will grant the motion and dismiss the case.

**I.    Background**

In June 2022, Tyer's car collided with another driven by Monique Griffin. ECF No. 1-2 ¶¶ 2–3. Tyer alleges that Griffin was at fault for the accident for "fail[ing] to pay full time and attention to her driving," "speeding," "following too closely," and "fail[ing] to stop at a red light," among other reasons. *Id.* ¶ 5. When the accident happened, Griffin had purportedly just "completed her last delivery" for DoorDash and "was on her way home." *Id.* ¶ 9. Tyer alleges that DoorDash was negligent in allowing Griffin, "an uninsured driver, to access the application and make deliveries on their behalf." *Id.* ¶ 13. Moreover, Tyer alleges, "as a direct and proximate result of the aforesaid . . . negligence of the Defendant . . . [Tyer] sustained various painful, permanent, and serious injuries . . . and other damages." *Id.* ¶ 14.

Tyer sued DoorDash in D.C. Superior Court, seeking damages for her physical, emotional, and financial injuries from the crash. ECF No. 1-2 ¶ 14. DoorDash removed the suit here and moved to dismiss. ECF No. 1; ECF No. 6.

## II.     Legal Standard

A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a claim necessarily includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because proximate cause is required for liability in a negligence suit, it is properly resolved as a matter of law on a Rule 12(b)(6) motion when "the allegations, accepted as true and taken in the light most favorable to the plaintiff, will not support a reasonable finding of proximate cause." *Hakki v. Zima Co.*, No. 03-9183, 2006 WL 852126, at *5 (D.C. Super. Ct. Mar. 28, 2006) (citing *District of Columbia v. Freeman*, 477 A.2d 713, 716 (D.C. 1984)). Though the court accepts as true all factual matter in the complaint, "mere conclusory statements" are not enough to establish proximate cause, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.    Analysis

Under District of Columbia law, a defendant is liable for negligence only if there is: "(1) a duty, owed by the defendant to the plaintiff, to conform to a certain standard of care; (2) a breach of this duty by the defendant; and (3) an injury to the plaintiff [(4)] proximately caused by the defendant's breach." *District of Columbia v. Fowler*, 497 A.2d 456, 462 n.13 (D.C. 1985). Door-Dash moves to dismiss for failure to state a claim, arguing that Tyer has failed to allege facts that support either the duty or the proximate cause elements. ECF No. 6-1 at 2. The Court need not address the former, because the latter failure dooms her complaint.

Proximate cause is "that cause which, in natural and continual sequence, unbroken by any efficient intervening cause, produces the injury and without which the result would not have occurred." *St. Paul Fire & Marine Ins. Co. v. James G. Davis Constr. Corp.*, 350 A.2d 751, 752 (D.C. 1976) (quoting *Wagshal v. District of Columbia*, 216 A.2d 172, 175 (D.C. 1966). To establish proximate cause, a plaintiff must first plead facts that show that the defendant "has in fact caused the plaintiff's harm," and must also survive policy considerations that "relieve the defendant of liability for harm he actually caused where the chain of events appears highly extraordinary in retrospect." *Lacy v. District of Columbia*, 424 A.2d 317, 320–21 (D.C. 1980).

Tyer has not plausibly alleged that DoorDash's purported breach caused her injury. To repeat, Tyer alleges that her car accident was the "direct and proximate result" of DoorDash's "fail[ure] to ensure that Monique Griffin had a valid policy of insurance." ECF No. 1-2 ¶¶ 12–14. Even assuming that adequately pleads the breach of a duty by DoorDash, nothing in Tyer's complaint supports the notion that Griffin's lack of insurance caused the car accident. Instead, most of the complaint is spent alleging that the accident occurred because:

> "Griffin . . . failed to pay full time and attention to her driving, failed to keep a proper lookout, was speeding, was following too closely, failed to obey a traffic control device, failed to stop at a red light, failed to keep her vehicle under proper control, was traveling too fast for roadway conditions, failed to control her vehicle and speed so as to avoid a collision, and drove her vehicle in a negligent, reckless, and careless manner, all in violation of the motor vehicle rules and regulations of the District of Columbia then and there in full force and effect."

*Id.* ¶ 5. Griffin's causal connection to the accident is clear. But Griffin is not a defendant—only DoorDash is. Nothing in the complaint, even taken in the light most favorable to Tyer, suggests that "the result would not have occurred" if DoorDash had ensured that Griffin had insurance. *St. Paul Fire & Marine Ins. Co.*, 350 A.2d at 752.

To be sure, there may be multiple proximate causes of an injury. *See Lacy*, 424 A.2d 317 at 322. So the mere fact that Griffin is also alleged to have proximately caused the accident does

3

not foreclose Tyer from alleging that DoorDash did the same. But when multiple proximate causes are alleged, the plaintiff must at least allege facts that support the inference that the defendant's breach was a "substantial factor" in causing the injury. *See Ferrell v. Rosenbaum*, 691 A.2d 641, 650 (D.C. 1997). Tyer alleges nothing close to that.

**IV.     Conclusion**

For the above reasons, the allegations in Tyer's complaint do not support a finding of proximate cause as to DoorDash, and so are insufficient to sustain a negligence claim against it. Thus, the Court will grant the motion and dismiss this case. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 13, 2026